UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WITCHARD,

    Petitioner,

v.                                               Case No. 6:14-cv-951-Orl-37GJK

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER**

Petitioner, a pre-trial detainee at the John E. Polk Correctional Facility, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:[1]

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition "'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

For the reasons discussed hereinafter, the petition is dismissed without prejudice.

Petitioner, who currently has criminal charges pending against him in this Court, contends *inter alia* that he is being falsely imprisoned and maliciously prosecuted. *See* Doc. No. 1 at 1; *see also United States v. Witchard*, Criminal No. 6:14-cr-112-Orl-37GJK. According to Petitioner, Respondent willfully delayed presenting charges to the grand jury and bringing him to trial on the pending criminal charges. *Id*. at 1-4. Petitioner seeks dismissal of the pending federal charges or a hearing. *Id.* at 4.

"'[W]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by raising them at trial and then on direct appeal.'" *Campbell v. Robert A. Deyton Detention Center*, No. 1:11-cv-4606-TWT-GGB, 2012 WL 602931, at *1 (N.D. Ga. Jan. 25, 2012) (quoting *Meyers v. Mukasey*, No. Civ.A 3:08CV581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009)); *see also Fassler v. United States*, 858 F.2d 1016, 1018–19 (5th Cir. 1988) (holding that the remedies available under 18 U.S.C. § 3145 to challenge pretrial detention orders are preferred to a § 2241 petition). Petitioner may raise his claims in the pretrial proceedings in his pending criminal case.2 *See In Re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009) (dismissing § 2241 petition raising claims of illegal arrest, unlawful detention, and violation of speedy trial rights because the

---

² Petitioner is represented by counsel in his pending criminal case.

petitioner could raise these claims in his pending criminal case). Consequently, the instant petition must be dismissed.

Accordingly, it is **ORDERED** as follows:

1. The instant case is dismissed without prejudice.

2. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of June, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 6/30
Joseph Witchard